**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 4:05cr55 |
| | § | APPEAL NO. 06-40816 |
| FINESS EDWARD STOKES | § | |

**MEMORANDUM OPINION AND ORDER**

On April 27, 2006, this court entered judgment, including sentence, against Defendant Finess Edward Stokes. The Defendant submitted a *pro se* notice of appeal that is dated May 12, 2006, and it is stamped as filed on May 15, 2006. The final day for filing a timely notice of appeal was May 11, 2006.

Rule 4(b)(1) of the Federal Rules of Appellate Procedure affords a criminal defendant ten (10) days in which to file a notice of appeal. Pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure, a district court may grant an additional thirty (30) days in which to file a notice of appeal upon a finding of excusable neglect or good cause. Since Stokes filed his notice of appeal within the additional thirty (30) day period, the Fifth Circuit remanded the case to this court on June 6, 2006 for a determination of whether the untimely filing of the notice of appeal was due to excusable neglect or good cause. This court subsequently entered an order on June 23, 2006, directing Stokes to file an affidavit with the court by July 14, 2006 explaining whether the untimely filing of his notice of appeal was due to excusable neglect or good cause.

Thereafter, the court received the Defendant's explanation for the untimely filing of his notice of appeal. The Defendant stated that he provided a signed notice of appeal to his retained counsel, Macy Jaggers, at his sentencing. The Defendant further stated that he provided his attorney

with a form which reflected that he was seeking the benefit of appointed counsel on appeal since he was no longer able to afford retained counsel. Additionally, the Defendant stated that Ms. Jaggers advised him that he had thirty (30) days in which to file his notice of appeal. Finally, the Defendant stated that he filed a *pro se* notice of appeal to ensure that a notice of appeal was actually filed.

The Defendant's explanation appeared to raise the issue of ineffective assistance of counsel. As such, the court ordered counsel for the Defendant, Macy Jaggers, to file an affidavit with the court by July 21, 2006, responding to the Defendant's allegations.

On July 20, 2006, Ms. Jaggers filed an affidavit in response to this court's order. In her affidavit, Jaggers stated that following the Defendant's conviction, she advised the Defendant that she did not handle appeals. The Defendant's family informed Jaggers that they would retain appellate counsel for the Defendant. However, because the Defendant expressed concern to Jaggers that his family would not secure appellate counsel, Jaggers forwarded to the Defendant a motion to proceed *in forma pauperis* along with the accompanying affidavit. At his sentencing, the Defendant provided to Jaggers executed copies of the *in forma pauperis* documents and asked Jaggers to deliver the same to the court. Jaggers agreed to mail the documents to the court. Jaggers, however, averred that she was under the mistaken belief that Stokes had thirty (30) days in which to file a notice of appeal. Thus, Jaggers mailed the documents on May 12, 2006.

In *Pioneer Investment Services, Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the United States Supreme Court established the following factors to determine excusable neglect:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding

>that party's omission. These include, as the Court of Appeals found, the danger of prejudice [ ], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 113 S.Ct. at 1498 (footnotes omitted).[1] However, ignorance of the rules or mistakes construing the rules typically do not constitute excusable neglect or good cause. *See United States v. Clark*, 51 F.3d 42, 43-44 (5th Cir. 1995), citing *Pioneer*, 113 S.Ct. at 1496.

Stokes appears to be arguing that his counsel erroneously advised him of the deadline for which to file his notice of appeal and, further, that his counsel failed to timely file his notice of appeal. Jaggers does not take issue with Stokes's argument. Thus, it appears to the court that Jaggers simply made a mistake with respect to the time for filing a notice of appeal. In light of the fact that Stokes was at most four (4) days late in filing his notice of appeal, the court finds that it is unlikely that the Government will suffer prejudice from this relatively short delay. Stokes, however, may be greatly prejudiced by the court's disallowance of his appeal. Although the notice of appeal should have been timely filed, Stokes's failure to do so is excusable. FED. R. APP. P. 4(b)(4). It is, therefore,

**ORDERED** that the Clerk of this Court shall return this case to the Fifth Circuit Court of Appeals for further proceedings.

**SIGNED this the 24th day of July, 2006.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[1] Although *Pioneer* involved a bankruptcy action, the Fifth Circuit determined that "*Pioneer* controls determinations of excusable neglect under Rule 4(b)." *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995).

3